UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KELLYANN MCKENZIE,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF FINANCE,

Defendant.

25-CV-4258 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Plaintiff, appearing *pro se*, brings this action invoking the court's federal question jurisdiction. She sues the New York City Department of Finance ("DoF") and asserts claims under the civil provision of the Racketeer Influenced and Corrupt Organizations Act. By Order dated May 22, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 4.) The Court dismisses this action for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to

interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

## BACKGROUND

Plaintiff initiated this action by using a court-issued complaint form. In the space to provide a basis for federal court jurisdiction, Plaintiff checks the box for federal question and states: "Stolen monies exceeding $1,000.00 [in] violation of RICO Act Extortion." (ECF No. 1 at 2.) The following facts are drawn from the complaint.[1] On March 24, 2025, Plaintiff's vehicle was towed from her residence because, "[a]ccording to Defendant, Plaintiff owes $20,000 in bus lane violations and school zone speeding violations." (*Id.* at 6). Plaintiff asserts that she "did not acquire all of these violation[s] and has been stalked and harassed by the NYC mafia along with Nicholas Chrysan." (*Id.*) Plaintiff claims that the situation caused stress and "psych trauma, (aggravation of bi-polar 2 disorder)." (*Id.*) She seeks $50,000 in damages. (*Id.*)

Plaintiff previously filed a substantially similar complaint in this court. *See Mckenzie v. NYC Dep't of Fin.*, No. 25-CV-2906 (LTS) (S.D.N.Y. Apr. 17, 2025). In that action, Plaintiff alleged the same facts surrounding the March 24, 2025 towing of her car, although she indicated that the unpaid traffic tickets totaled $3,264, not $20,000. *Id*. ECF No. 1, at 5. Because the

[1] Plaintiff uses irregular capitalization. For readability, the Court uses standard capitalization. The Court otherwise quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the original.

events giving rise to Plaintiff's claims arose at Plaintiff's residence, in St. Albans, Queens, New York, the court transferred the action to the Eastern District of New York.

The presiding judge in the Eastern District of New York, the Hon. Nina R. Morrison, dismissed the action.[2] Judge Morrison first considered Plaintiff's RICO claim on the merits and held that "Plaintiff's allegation that her car was impounded due to non-payment of multiple moving violations does not suggest that an 'enterprise' committed the crime of extortion as defined by either state or federal law." *Mckenzie v. NYC Dep't of Fin.*, No. 25-CV-2298 (NRM) (JAM), 2025 WL 2793667, at *3 (E.D.N.Y. Oct. 1, 2025). Based on this conclusion, Judge Morrison dismissed the RICO claim for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and denied Plaintiff leave to amend because "the complaint has no basis in law or fact." *Mckenzie*, 2025 WL 2793667, at *3.

**DISCUSSION**

Under the doctrine of claim preclusion, also known as "*res judicata*," a litigant may not bring a new case based on claims or defenses that were or could have been raised in an earlier

---

[2] Judge Morrison noted that Plaintiff previously filed multiple lawsuits in the Eastern District of New York. Five cases were dismissed for lack of subject matter jurisdiction. *See McKenzie v. Chung*, No. 23-CV4520 (NRM) (LB), 2023 WL 4666438 (E.D.N.Y. July 20, 2023); *McKenzie v. Brown*, No. 23-CV-4556 (NRM) (LB), 2023 WL 4665802 (E.D.N.Y. July 20, 2023); McKenzie v. T-Mobile, No. 23-CV-4557 (NRM) (LB), 2023 WL 4665803 (E.D.N.Y. July 20, 2023); *McKenzie v. Warren*, No. 1:23-CV-05240 (NRM) (LB), 2023 WL 4903279 (E.D.N.Y. Aug. 1, 2023); *McKenzie v. Brown*, No. 24-CV-6730 (NRM) (LB), 2024 WL 4635224, (E.D.N.Y. Oct. 31, 2024). A sixth case was dismissed as duplicative of a prior filing. *See McKenzie v. Warren*, No. 24-CV-6729 (NRM) (LB), 2025 WL 1235116 (E.D.N.Y. Apr. 29, 2025). Four additional cases were initially dismissed with leave to amend and are awaiting Plaintiff's responses. *See McKenzie v. Chung*, No. 24-CV-6679 (NRM) (LB), 2025 WL 1181707 (E.D.N.Y. Apr. 23, 2025); *McKenzie v. October*, No. 24-CV-6696 (NRM) (LB), 2025 WL 821684 (E.D.N.Y. Mar. 15, 2025); *McKenzie v. TMobile*, No. 24-CV-6697 (NRM) (LB), 2025 WL 1181682 (E.D.N.Y. Apr. 23, 2025)); *McKenzie v. Warren*, No. 24-CV-6729 (NRM) (LB), 2025 WL 1235116, (E.D.N.Y. Apr. 29, 2025).

case in which the same parties were involved, if that case resulted in a judgment on the merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Claim preclusion "prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412 (2020). If a litigant files a new suit and "advances the same claim as an earlier suit between the same parties, the earlier suit's judgment 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Id.* (quoting *Brown*, 442 U.S. at 131). Claims are treated as the same if they "arise from the same transaction, or involve a common nucleus of operative facts." *Cayuga Nation v. Tanner*, 6 F.4th 361, 375 (2d Cir. 2021) (quoting *Lucky Brand Dungarees*, 590 U.S. at 412 (citations and internal quotation marks omitted)).

Claim preclusion generally applies if "(1) the prior decision was a final judgment on the merits, (2) the litigants were the same parties, (3) the prior court was of competent jurisdiction, and (4) the causes of action were the same." *In re Motors Liquidation Co.*, 943 F.3d 125, 130 (2d Cir. 2019) (citation omitted).[3]

The elements of claim preclusion are satisfied here. First, Plaintiff's prior action was dismissed for failure to state a claim on which relief may be granted, which is a dismissal on the

[3] Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c)(1), the Court may, on its own initiative, raise the issue. *See, e.g.*, *Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on the ground of issue preclusion even though defendant failed to plead that defense, and noting that "principles of preclusion involve" not only "the rights and interests of the parties," but also "important interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent decisions"); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (per curiam) ("The failure of a defendant to raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

merits. *See Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) ("[D]ismissal for failure to state a claim operates as 'a final judgment on the merits and thus has res judicata effects.'" (quoting *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009)). Second, DoF is the sole defendant in both actions. Third, Plaintiff's previous action was heard by a court of competent jurisdiction to hear her claims under federal law. Finally, not only were the causes of action in each case the same, the operative pleadings in both actions are nearly identical.

Plaintiff's claims are therefore precluded based on her previous litigation of the same claims in *Mckenzie*, 2025 WL 2793667. Accordingly, the Court dismisses Plaintiff's claims against DoF as barred by the doctrine of claim preclusion.

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND IS DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Plaintiff's claims were heard in the Eastern District of New York where Judge Morrison determined that the complaint failed to state a claim. Plaintiff is now barred from relitigating these claims in this court. The Court therefore declines to grant Plaintiff leave to amend her complaint because it would be futile to do so.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), as barred by the doctrine of claim preclusion based on Plaintiff's previous litigation of the same claims in *Mckenzie v. NYC Dep't of Fin.*, No. 25-CV-2298 (NRM) (JAM), 2025 WL 2793667, at *3 (E.D.N.Y. Oct. 1, 2025), and consequently, for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: September 22, 2026
New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge